# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> RANDY BELTRAMEA, <br><br> Defendant. | No. 14-CR-95-LRR <br><br> **ORDER** |

_____

## I. INTRODUCTION

The matter before the court is Defendant Randy Beltramea's "Motion to Dismiss Superseding Indictment" ("Motion") (docket no. 24).

## II. RELEVANT PROCEDURAL HISTORY

On November 19, 2014, the grand jury returned a Superseding Indictment (docket no. 15) against Defendant. The Superseding Indictment charges Defendant with four counts of obstruction of justice in violation of 18 U.S.C. § 1512(c)(2). On December 15, 2014, Defendant filed the Motion. On December 19, 2014, the government filed a Resistance (docket no. 26). The Motion is fully submitted and ready for decision.

## III. RELEVANT FACTUAL BACKGROUND

On October 31, 2013, the court accepted Defendant's pleas of guilty to several tax and fraud-related charges in *United States v. Randy Beltramea*, 13-CR-20-LRR (N.D. Iowa). At the sentencing hearing, the government argued that Defendant should be sentenced at the top of the advisory guideline range because, among other reasons:

> while this case was pending, after the defendant was indicted and was advised of the intent of the government to forfeit property and was provided with copies of lis pendens, telling him the government's intent to forfeit, the defendant took money from a person with the intent of trying to sell off

> property he knew was subject to forfeiture. Frankly, we could have charged that as an additional offense. That is conduct that is not really reflected in the guidelines, not reflected in the upward departure, additional criminal conduct by the defendant that the [c]ourt should take into account in determining where within the range to sentence the defendant.

Sentencing Transcript Vol. II, *United States v. Randy Beltramea*, 13-CR-20-LRR (N.D. Iowa) (docket no. 137) at 14. The court sentenced Defendant at the top of the advisory guideline range, stating in part that "[w]hile this case was pending, as mentioned by the government, he tried to sell property, knowing the property was subject to forfeiture." *Id.* at 32.

## IV. ANALYSIS

In the Motion, Defendant argues that the court should dismiss the Superseding Indictment because: (1) "The [S]uperseding [I]ndictment violates the Double Jeopardy Clause of the United States Constitution"; (2) "Castlerock was not subject to forfeiture at the time of the above actions" and therefore the forfeiture was not an official proceeding; and (3) "[a] corporation, not . . . Defendant personally, owned Castlerock and did the above actions." Motion at 1-2.

### A. *Double Jeopardy*

Defendant argues that the Superseding Indictment violates the Double Jeopardy Clause. In support, Defendant states that the government argued for a higher sentence at Defendant's initial sentencing hearing based on obstructive conduct. Defendant argues that such conduct has now been charged by the Superseding Indictment as an additional crime. Defendant contends that by arguing that Defendant's obstructive conduct warrants a higher sentence and then later charging Defendant with a crime based on such obstructive conduct, the government violates the Double Jeopardy Clause. *See* Brief in Support of the Motion (docket no. 25) at 6. Defendant also argues that "the Castlerock transactions involving lots 4, 7, and 9 . . . were not related to the charged offense" in *United States v.*

2

*Randy Beltramea*, 13-CR-20-LRR (N.D. Iowa) such that they constitute relevant conduct to be considered at a sentencing hearing.

The court is not persuaded by these arguments. The government argued at the sentencing hearing that Defendant "attempted to sell one of the Castlerock lots which constituted the proceeds of his fraud." Resistance at 5. Defendant's attempt to sell the proceeds of the fraud to which he pled guilty clearly falls within the ambit of conduct relevant to his crime of conviction. *See generally* USSG §1B1.3.

In addition, "[r]elevant conduct which has been considered in a prior sentencing can be a basis for subsequent prosecution without violating the double jeopardy clause so long as the earlier sentence was within the statutory or legislatively authorized punishment range." *United States v. Abboud*, 273 F.3d 763, 766 (8th Cir. 2001) (citing *Witte v. United States*, 515 U.S. 389, 397, 406 (1995)). The court sentenced Defendant "within the statutory or legislatively authorized range" when it sentenced Defendant to 111 months' imprisonment. *Id.* at 766. Defendant concedes that such sentence was within the statutory and sentencing guideline range. *See* Brief in Support of the Motion at 3 n.2 ("Defendant was . . . sentenced at the top of the advisory guideline sentencing range."). Because the grand jury charges that Defendant attempted to sell property alleged to be the proceeds of the fraud, and because the court sentenced Defendant within the statutory range for his crimes of conviction, the Superseding Indictment does not violate the Double Jeopardy Clause. Accordingly, the court shall deny the Motion with respect to Defendant's Double Jeopardy Clause argument.

### B. *Official Proceeding*

Defendant argues that the court should dismiss the Superseding Indictment because the property at issue was not subject to an "official proceeding" as contemplated by 18 U.S.C. § 1512(c)(2). Defendant contends that, "at the earliest, property is 'subject to forfeiture' when the preliminary order of forfeiture is entered." Brief in Support of the

Motion at 7. Defendant argues that until the preliminary order of forfeiture is entered, the forfeiture is not an "official proceeding."

18 U.S.C. § 1512 makes it illegal for a defendant to "obstruct[], influence[], or impede[] any official proceeding, or attempt[] to do so." 18 U.S.C. § 1512(c)(2). An "official proceeding" is defined as, among other things, "a proceeding before a judge or court of the United States." 18 U.S.C. § 1515(a)(1)(A). "[A]n official proceeding need not be pending or about to be instituted at the time of the [obstruction of justice] offense." 18 U.S.C. § 1512(f)(1). "[A] criminal forfeiture is an 'official proceeding,' and . . . dissipation of specified forfeitable property 'obstructs' or 'impedes' the proceeding." *United States v. Wall*, 285 F. App'x 675, 683 (11th Cir. 2008).

The court disagrees with Defendant's argument that a criminal forfeiture proceeding does not become an official proceeding until the preliminary order of forfeiture is entered. To the contrary, the statute makes clear that the official proceeding does not even need to "be pending or about to be instituted" at the time of the obstruction of justice offense. 18 U.S.C. § 1512(f)(1). When the grand jury returned the superseding indictment in *United States v. Randy Beltramea*, 13-CR-20-LRR (N.D. Iowa) (docket no. 17), that included forfeiture claims against property, the forfeiture of such property constitutes an "official proceeding" as contemplated by the statute. The statute makes it a criminal offense for Defendant to obstruct or impede the forfeiture. Accordingly, the court shall deny the Motion with respect to Defendant's argument that the forfeiture of the Castlerock properties is not an "official proceeding" until the preliminary order of forfeiture is entered.

### *C. Defendant's Ownership of Castlerock*

Defendant argues that the court should dismiss the Superseding Indictment because the property was sold by Randy Beltramea, LLC and not Defendant personally. *See* Brief in Support of the Motion at 8. Defendant states that "[t]he corporation has not been

indicted" and, therefore, it "was free to transact business, including conveying the real estate which belonged to it." *Id*.

However, in the Superseding Indictment, the grand jury charges that Defendant effectuated the sale of certain Castlerock property that was subject to forfeiture. Whether the property belonged to Defendant personally, to a corporation solely owned by Defendant or even to a third party with no relationship to Defendant does not matter. *See United States v. Mann*, 685 F.3d 714, 716, 722 (8th Cir. 2012) (upholding the defendant's conviction of obstructing justice for removing another's property while such property was subject to forfeiture). The statute does not prohibit obstructive conduct only if such conduct relates to a defendant's personal property. Here, regardless of whether the court may pierce the corporate veil, the Superseding Indictment alleges that Defendant knew the property was subject to forfeiture, but he nonetheless attempted to sell the property that was subject to forfeiture. The Superseding Indictment is sufficient to charge Defendant with obstructing justice in violation of 18 U.S.C. § 1512. Accordingly, the court shall deny the Motion with respect to Defendant's argument that the corporation, not Defendant, sold the property that was the subject of forfeiture.

## *V. CONCLUSION*

In light of the foregoing, Defendant Randy Beltramea's "Motion to Dismiss Superseding Indictment" (docket no. 24) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 26th day of January, 2015.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA